IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.: |
| v. | § § | |
| PNS INVESTMENTS, INC. d/b/a NICK'S RESTAURANT & SPORTS BAR | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.      This is an action under Title I of the Americans with Disabilities Act of 1990, *as amended,* ("ADA"), 42 U.S.C. §12101 *et seq.*; Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and sex; to correct unlawful employment action taken in retaliation for the exercise or enjoyment of rights protected by the ADA; and to provide appropriate relief to Laura Kercheval ("Kercheval") who was adversely affected by such practices.  Specifically, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") would show that, in violation of the ADA, Defendant PNS Investments, Inc. d/b/a Nick's Restaurant and Sports Lounge ("Defendant" or "Nick's") failed to reasonably accommodate Ms. Kercheval's disability; and then reduced Kercheval's work hours and subsequently discharged her in retaliation for having engaged in protected activity and for having exercised or enjoyed rights granted to her under the ADA.  Additionally, Defendant

subjected her to unwelcome comments and touching of a sexual nature in violation of Title VII and otherwise denied Kercheval equal employment opportunities with Nick's.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.   This action is authorized and instituted pursuant to Section 107(a) of the ADA,, 42 U.S.C. §12117(a); Sections 706(f)(1) and(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and Title VII, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), and Sections 706(f)(1) and(3) of Title VII, 42 U.S. C. §§2000e-5(f)(1) and (3).

5.      At all relevant times, Defendant  Nick's has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had at least 15 employees.  Defendant may be served by serving its registered agent for service of process, Navinchandra Patel, 6503 Brightling Lane, Houston, Texas 77090.

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and

(7) of the ADA, 42 U.S.C. §§12111(5) and (7), and Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7.     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit Kercheval, filed a charge with the Commission alleging violations of the ADA and Title VII by Nick's.  All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and a good faith attempt to conciliate the charge.

9.     Since about June 2012, Defendant has engaged in unlawful employment practices at its Houston, Texas facility, including the following:

    a.     Nick's failed to reasonably accommodate Kercheval's disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b)(5).

    b.     Nick's retaliated against Kercheval in violation of Section 503 of the ADA, 42 U.S.C. § 12203(a) and (b).

    c.     Nick's subjected Kercheval to sexual harassment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

10.     Kercheval began her employment with Nick's in June of 2012 as a server/waitress.  Her job performance resulted in her rapid promotion by the General Manager to head waitress/server approximately one month after the start of her employment.  She worked continuously in that capacity for the majority of her employment with Nick's until just before her discharge in November 2012.

3

11.    Kercheval was born with congenital achondroplasia dwarfism.  As a result, she is 4'3" tall and requires modifications in the workplace that persons of average height in the general population would not require.

12.    Kercheval's achondroplasia dwarfism substantially limits her musculoskeletal system's functions and is a disabling impairment under the ADA.

13.    The waitstaff at Nick's were required to retrieve customers' drink orders at a waitstation at the bar's counter. That waitstation, which was nearly as tall as Kercheval, made it nearly impossible for her to safely perform the essential job function of retrieving customers' drinks.  So, Kercheval requested a reasonable accommodation relating to this job function.

14.    Kercheval asked Nick's General Manager if she could be allowed to use a modified waitstation as a job accomodation.  The modified waitstation would be a lower shelf located behind the bar near the bar's "kegrefrigerator" where her drink orders could be placed by the bartender.  This lower waitstation area allowed her to retrieve her drink orders without spilling the drink orders or endangering herself, her customers or her coworkers.

15.    The General Manager granted her requested job accommodation.

16.    Kercheval was qualified to perform the essential functions of the waitress/server position with reasonable accommodation of her disability.

17.    The modified waitstation was an effective accommodation and cost Nick's nothing to implement.   It enabled Kercheval to perform her job responsibilities successfully as demonstrated by her rapid promotion to head waitress/server.  This

4

reasonable accommodation was used by Kercheval throughout the majority of her employment with Nick's.

18.     During the final month of her employment with Nick's, a new General Manager was hired and he, without warning, revoked the reasonable accommodation granted to Kercheval and instructed the bartenders not to place her drink orders at the modified waitstation.  He also informed the bartenders and other waitstaff to not offer her any assistance in retrieving her drink orders.   He offered no alternative accommodation to her but instead demanded that she use the waitstation used by the other servers.

19.     Kercheval told the General Manager that requiring her to climb on and off chairs and stools while retrieving drinks and carrying drink trays not only put her in danger of falling and/or spillage which could cause falls by customers and coworkers alike and it also increased her difficulty in lifting full trays of drinks above her head from the main waitstation.  At that time, Kercheval requested the new General Manager to reconsider the revocation of her use of the modified waitstation.

20.     This new General Manager continued to refuse to rescind his order rescinding her accommodation.  Instead, he repeatedly insisted that she use the same waitstation used by the other servers.

21.     After revocation of the reasonable accommodation previously provided to her, Nick's did not engage in the interactive process with Kercheval to determine whether there were any reasonable accommodations which would allow her to perform the essential functions of her position safely.

5

22.     Nick's discriminated against Kercheval by requiring or compelling her to risk injury to herself or others in order to perform her job without reasonable accommodation of her disability.

23.     Kecheval engaged in protected activity when she requested reasonable accommodation of her disability.

24.     Nick's unlawfully retaliated against Kercheval for having opposed or complained about the revocation and denial of the reasonable accommodation previously provided to her.

25.     Although Nick's refused her on multiple occasions, Kercheval repeatedly made requests for reasonable accommodation of her disability and, in response, the General Manager retaliated against her by sending her home from her scheduled shifts early, significantly reducing her work hours and ultimately discharging her.

26.     Nick's took these adverse employment actions against Kercheval because she opposed Nick's discriminatory conduct.

27.     The effect of these unlawful practices has been to deprive Kercheval of equal employment opportunities and otherwise adversely affect her employment status as an employee because of her disability and in retaliation for engaging in protected activity and/or having exercised or enjoyed rights granted to her under the ADA including the right to seek an accommodation.

28.     The unlawful employment practices complained of above were intentional.

29.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Kercheval.

6

30.     Additionally, throughout her employment, Kercheval was subjected to unwelcome comments and touching of a sexual nature by a male owner of Nick's.

31.     The unwelcome sexual conduct included, *inter alia,* touching and patting Kercheval on her chest; attempting to put his hand down the front of her shirt, touching her about the face, telling her he loved her and/or would marry her if he were a "midget."

32.     On at least one occasion, when Kercheval objected to this owner's unwelcome touching, she asked him why he did not touch males similarly and he replied that he is not gay and does not touch guys.

33.     Kercheval complained to the General Manager about the owner's unwelcome touching and comments to no avail.

34.     The effect of the practices complained of in the preceding paragraphs has been to deprive Kercheval of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

35.     The unlawful employment practices complained of herein were intentional.

36.     The unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Kercheval.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

37.     Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of disability or sex;

38.     Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who have opposed any practice made unlawful by the ADA, or who have made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the ADA or who have exercised or enjoyed any right granted under the ADA;

39.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities within the meaning of the ADA; which provide equal employment opportunities for women pursuant to Title VII; and which eradicate the effects of Defendant's past and present unlawful employment practices;

40.     Order Defendant to make Kercheval whole by providing appropriate back pay, in amounts to be determined at trial, with prejudgment interest, for lost wages resulting from the discrimination and retaliation described above and other affirmative relief necessary to eradicate the effects of the unlawful employment practices to which she was subjected;

41.     Order instatement into a comparable position for Kercheval or award front pay, in the amounts to be proven at trial, if instatement is impractical;

42.     Order Defendant to make Kercheval whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses incurred as a result of the unlawful practices described above, in amounts to be proven at trial;

8

43.     Order Defendant to make Kercheval whole by paying compensatory damages to her for her past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

44.     Order Defendant to pay Kercheval punitive damages for Defendant's malicious and/or reckless conduct described above, in amounts to be proven at trial;

45.     Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

46.     Award the Commission its costs in this action;

47.     Grant the Commission such other and further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

48.     The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

P. David Lopez
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M. Street, NE
Washington, D.C. 20507


By: /s/ *Kathy D. Boutchee*
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
EEOC
Houston District Office
1201 Louisiana, Suite 600
Houston, Texas 77002
(713) 651-4913
Fax: (713) 651-7995
Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Houston District Office
1201 Louisiana Street
Houston, Texas 77002
(713)651-4963
Fax: (713) 651-7995

10