IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO.: 14-cv-00417 |
| PNS INVESTMENTS, INC. d/b/a NICK'S RESTAURANT & SPORTS LOUNGUE Defendant. | § § § § § | JURY TRIAL DEMANDED |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") and Defendant, PNS Investments, Inc. d/b/a Nick's Restaurant and Sports Lounge ("Defendant" or "Nick's") agree to entry of this Consent Decree.

**I.   Background and History of Proceedings**

A.   Charging Party Laura Kercheval ("Kercheval" or "Charging Party") filed a charge of discrimination with the Commission (Charge No. 846-2013-08636) alleging Defendant violated Title I of the Americans with Disabilities Act of 1990, *as amended,* ("ADA"), 42 U.S.C. §12101 *et seq.* and Title

VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII").

B. On February 24, 2014 after investigating the charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct toward Kercheval constituted unlawful discrimination on the basis of disability, sex and retaliation in violation of Section 102 of the ADA and Sections 703 and 704 of Title VII.

C. Defendant denied the allegations of discrimination and retaliation.

D. The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any ADA or Title VII violation. The parties agree the Consent Decree is being entered into for the purpose of compromising disputed claims without the necessity for protracted litigation.

E. The parties waive hearing and entry of findings of fact and conclusions of law on all issues.

II.  **Injunctive and Charging Party Relief**

IT IS ORDERED that:

1.  This Consent Decree is entered in full and complete compromise of any and all claims arising out of or asserted in Civil Action No. 4:14-cv-00417 and the above-referenced Charge on behalf of Kercheval.  This Consent Decree remains in effect for two (2) years from the date of entry. ("Consent Period")

2.  Defendant and all of its employees and/or agents associated with it shall not discriminate against any person on any basis prohibited by Title VII or the ADA nor shall it retaliate against any individual who has opposed any practice made an unlawful employment practice under the ADA or Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the ADA or Title VII.

3.  Nick's will provide, using either an attorney or an independent experienced training person or group, two training programs on the laws prohibiting employment discrimination under the ADA and Title VII to its owner(s), including, but not limited to, Navinchandra Patel, managers, assistant managers and employees.  The first such training program shall be completed not later than January 31, 2015, and the second training program shall be completed

[3]

not later than January 31, 2016.  Defendant shall submit to the EEOC each year at least forty-five (45) days in advance of the program, for the EEOC's approval, the name of the program provider, each presenter's resume or CV, a curriculum outline of the information to be addressed during the training and copies of all agendas and materials to be distributed at the training seminar.  The attorney, person or group administering the training shall have at least five years of experience in employment law.  Written acknowledgment of receipt of the training, including the date of attendance, shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Nick's and copies shall also be forwarded to the EEOC within thirty (30) days following completion of the training.

4. The training provided for by this Consent Decree will ensure that the following are topics are reviewed:

A. <u>Anti-Discrimination Policies</u>:

I. Clear definitions and examples of prohibited disability and sex discrimination and retaliation;

II. Clear definitions and examples of reasonable accommodation of disabilities and Nick's responsibility to engage in the interactive process with the employee or applicant to determine

[4]

       whether a reasonable accommodation exists for the persons's disability;

  III.    Applicable discipline options for incidents of disability and/or sex discrimination and/or retaliation, up to and including termination; and

  IV.    Description of the mechanisms for reporting incidents of discrimination and/or retaliation, by any current or former employees or applicants for employment, and identifying to whom such complaints should be directed;

5.    Defendant agrees that within ten days after entry of this Decree it will conspicuously post in all employee breakroom(s) and/or near any time clock(s) the EEOC's "EEO is the Law" poster for the duration of the Consent Period.

6.    Within ten (10) days after entry of this Decree, Defendant will remove from Charging Party's personnel files any documents referencing her charge of discrimination, the Commission's lawsuit or this Consent Decree entered in resolution of the lawsuit. These documents shall not be part of her personnel files but shall be kept segregated in separate, confidential folders. Further, Defendant will not reference any facts or information relating to the charge of discrimination, the Commission's lawsuit or the Consent Decree to any potential employer of Charging Party. It further agrees to

provide in response to any written or verbal inquiries from potential employers her dates of employment, initial position or title, her promotion to lead waitress and that she is eligible for rehire.

7. Defendant agrees to pay the total sum of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00), in full and final settlement of the Commission's lawsuit to provide monetary relief to Laura Kercheval within ten (10) days after entry of this Consent Decree. Said settlement sum shall be apportioned as FIVE THOUSAND DOLLARDS AND NO CENTS ($5,000.00) in back wages, from which applicable withholding shall be deducted and TEN THOUSAND DOLLARS AND NO CENTS ($10,000) representing compensation for compensatory damages from which no withholding taxes shall be deducted. Defendant shall mail or deliver the settlement check(s) to Kercheval at the address provided by the Commission to Defendant and shall, on the same day of mailing or delivery of the check(s) to Kercheval, mail a copy of the check(s) to the EEOC's undersigned counsel of record.

It is acknowledged that the monetary relief agreed to in settlement of damages, set forth herein, constitutes a debt owed to and collectible by the United States.

8. The sums payable to Kercheval may be subject to federal or state income taxes. Defendant agrees to issue Internal Revenue Service Form W-2 and Form 1099 or equivalent forms to Kercheval for all sums paid pursuant to this Consent Decree not later

[6]

than January 31, 2015. Kercheval will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned settlement sum.

9. Each party to this action shall bear its own costs and attorney's fees.

III. **Miscellaneous Relief**

10. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest.

11. During the Consent Period, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC will send written notice to Defendant of any alleged breach of the terms of this Consent Decree, other than for a breach occurring for failure to make settlement payments as outlined in paragraph 7 above, and provide Defendant ten days for the opportunity to investigate and cure such breach. Upon Defendant's failure to cure any alleged breach, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

15. Each signatory certifies that he/she is authorized to execute this document on behalf of the party or parties whom he/she represents.

Signed this **16** day of **Oct**, 2014 at Houston, Texas.

_____
Honorable David Hittner
United States District Judge

**AGREED AND CONSENTED TO:**

| ATTORNEY FOR PLAINTIFF<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | ATTORNEYS FOR DEFENDANT<br>PNS INVESTMENTS, INC.<br>D/B/A NICK'S RESTAURANT &<br>SPORTS LOUNGE |
|---|---|
| By: _____<br>Kathy D. Boutchee<br>Attorney-in-Charge<br>TBN: 02717500<br>SDN: 10145<br>EEOC<br>Houston District Office<br>1201 Louisiana St., Suite 600<br>Houston, Texas 77002<br>(713) 651-4913<br>Fax: (713) 651-7995<br>E-mail: kathy.boutchee@eeoc.gov | By: _____<br>John L. Ross<br>Attorney-in-Charge<br>TBN: 17303020<br>SDN:  11159<br>Thompson, Coe, Cousins<br>    & Irons, L.L.P.<br>700 N. Pearl Street, Suite 2500<br>Dallas, Texas  75201<br>(214) 871-8206<br>Fax: (214) 871-8209<br>E-mail: jross@thompsoncoe.com |

        Cory S. Reed
        TBN: 24076640
        SDN: 1187109
        Thompson, Coe, Cousins
           & Irons, L.L.P.
        One Riverway, Suite 1400
        Houston, Texas 77056
        (713) 403-8210
        Fax: (713) 403-8299
        E-mail: creed@thompsoncoe.com